UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MCNEIL KEMMERLY | CIVIL ACTION |
| VERSUS | NO. 06-2386 |
| UNITED STATES DEPT. OF INTERIOR | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by the United States Department of the Interior. Oral argument was held on August 30, 2006. Having considered the record, the memoranda and argument of counsel, the Court grants the motion for the following reasons.

The plaintiff is suing under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for certain documentary information from Office of Minerals Revenue Management ("MMS/MRM") and Office of Offshore Minerals Managment ("MMS/OMM"), two divisions of the Mineral Management Service, a component bureau of the Department of Interior.[1] The defendant argues that this Court lacks

---

[1] The complaint also includes allegations against the Bureau of Land Management ("BLM"), another component bureau of DOI. The plaintiff apparently does not contest that he did not serve any FOIA request on this entity.

1

subject matter jurisdiction because the plaintiff has failed to exhaust his administrative remedies in two ways: he failed to promise to pay the fees associated with copying or seek a waiver thereof, and he failed to file suit before his FOIA appeal was granted. There is no evidence that the plaintiff has paid any fees or promised to pay the estimated fees anticipated by the defendant in conjunction with the production and copying of the documents requested.

There are two ways in which a plaintiff can administratively exhaust remedies under the FOIA: actual and constructive. Actual exhaustion requires denial of the request, but constructive exhaustion occurs when the agency fails to meet certain statutory requirements. Within a record of extensive correspondence between the parties, the plaintiff argues that the government failed to act on his request or appeal within the statutorily mandated time for purposes of constructive exhaustion by virtue of a letter dated February 2006 letter from DOI in which it acknowledged its inability to meet the statutory deadlines and the plaintiff's right to file suit. (Rec. Doc. 7, Exh. 6A). The plaintiff filed suit before receiving a May 1, 2006, letter from DOI advising the plaintiff of the fee problems attendant to his request.[2] (Rec. Doc. 7, Exh. 6B).

---

[2] From a factual standpoint, there is no issue that the plaintiff was advised of the revised fee estimate on April 20, 2006 by Gregory Kann of DOI and he never got back to Kann before filing suit, as established in Kann's affidavit. "Plaintiff contends as a matter of law that no issue relating to fees existed at the time Plaintiff filed suit." (Rec.

This Court has previously acknowledged that a plaintiff's decision to wait for the agency's delayed decision requires actual exhaustion and "effectively cut[s] off plaintiff's opportunity to seek judicial review ." Lewis v. Glickman, 1996 WL 29298 (E.D.La), citing Oglesby v. United States, 920 F.2d 57, 63 (D.C. Cir. 1990). There is additional authority that where a plaintiff waits for an agency response beyond the initial period, actual exhaustion is required prior to filing suit. Taylor v. Appleton, 30 F.3d 1365, 1369 (11th Cir. 1994)(J. Wood). In light of the dialogue between the parties with regard to the plaintiff's request, the rationale of Oglesby and Taylor applies here.

The plaintiff also argues that his commitment in July 2005 to pay "reasonable" fees is sufficient, but does not present any legal authority in support of that argument. There is statutory and regulatory requirements that there be a commitment to pay the estimated fees for requests of commercial interest, including 5 U.S.C. § 552(a)(4)(A)(ii) and 43 C.F.R. § 2.18(b), which provides that the DOI "[p]romptly notify you of the estimated costs and ask you to provide written assurance of payment of all fees or fees up to a designated amount ..." and §218(d), provides that the DOI "will not start processing your request until the fee issue has been resolved ..." and "[i]f the bureau

---

Doc. 10, p. 3). The plaintiff claims to have received this letter after filing suit on May 4, 2006. In his affidavit, the plaintiff does not go as far as to state that he was not advised of the fee issues, and does not go as far as to state that he was unaware of the substance of the May 1, 2006 letter from DOI prior to receiving the actual letter.

seeks clarification from you about a fee issue and does not hear from you within 20 workdays, it will assume that you are no longer interested in this matter and will close the file on your request."

There is recognized authority in other circuits that the failure to comply with fee regulations under the FOIA "is sufficient ground for dismissal. <u>Morello v. United States</u>, 1990 Lexis 13774 (U.S. Dist. D.C.)   A plaintiff is obligated to pay the fee even if an assessment is subsequent to the filing of the lawsuit as a jurisdictional requirement and that the government "has no further obligation" to a plaintiff until the fees are paid. <u>Maydak v. United States</u>, 254 F.Supp. 23 (D.C. 2003).   Administrative exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees.  <u>Oglesby</u>, 920 F.2d at 66; <u>Trueblood v. United States</u>, 943 F.Supp. 64 (D.C. 1996).

The plaintiff finally argues that the government should be "estopped" from arguing whether there was a "sufficient" commitment to pay the estimated fees because "MMS began processing the request and then claimed it was exempt "in conjunction with Plaintiff filing suit after receiving authorization from the DOI's FOIA Appeals Officer ..."  (Rec. Doc. 10, p. 3).   The Court does not find that the equities fall that way. "Regardless of whether the plaintiff filed suit before or after receiving a request for payment, the plaintiff has an obligation to pay ..." <u>Trueblood</u>, 943 F.Supp. at  68.   As in

Trueblood, it appears that the government stands ready to respond to the request as soon as the fee commitment is made.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by the United States Department of the Interior is GRANTED.

New Orleans, Louisiana, this 16th day of October, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE